The order below is hereby signed.

Signed: February 16 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARC S. BARNES and ANNE M. | ) | Case No. 10-00743 |
| BARNES, | ) | (Chapter 11) |
| | ) | Not for publication in |
| Debtors. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER REQUIRING RE-SERVICE OF THE
DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS ON FDIC-INSURED
BANKS (OTHER THAN BALTIMORE COUNTY SAVINGS BANK, FSB)

The debtors did not serve their *First Omnibus Objection to Claims* on FDIC-insured banks[1] in the manner required by Fed. R. Bankr. P. 7004(h).[2]  Baltimore County Savings Bank, FSB, however, filed a response to the *First Omnibus Objection to Claims* and

---

   [1]  See http://www3.fdic.gov/idasp/ for a list of FDIC-insured banks.

   [2]  A question exists whether EagleBank "has appeared by its attorney" so that the mailing of the *First Omnibus Objection to Claims* to that attorney was sufficient service under Fed. R. Bankr. P. 7004(h)(1).  EagleBank's proof of claim, signed by an officer of the bank, indicated that notices were to be sent to a named attorney.  Under LBR 9010-1(a), to appear in a case, an attorney must sign a document effecting an entry of appearance. In any event, under LBR 9010-1(c)(1), an attorney's filing of a proof of claim does not constitute an appearance by the attorney. The attorney filed no notice of appearance in the bankruptcy case such as to make Fed. R. Bankr. P. 7004(h)(1) applicable.

thus waived the defect in service.  It is thus

ORDERED that within 14 days after entry of this order, the debtors shall serve their *First Omnibus Objection to Claims* on FDIC-insured banks (other than Baltimore County Savings Bank, FSB) in the manner required by Fed. R. Bankr. P. 7004(h).

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.